JUDGE FAILLA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

# 18 CV 6058

Jason Wimberly

    Plaintiff

v.

**EXPERIAN INFORMATION**

**SOULTIONS, INC.**

    Defendant,

Index
No._____

**JURY DEMAND**

## VERIFIED  CIVIL  COMPLAINT.

The plaintiff, **Jason Wimberly** ( the "plaintiff'), proceeding pro se,  and for his

complaint against the defendant **Experian Information Solutions Inc.** ("Experian" or

the "defendant") alleges, upon information and belief, as follows:

## INTRODUCTION

1.    This is an action for actual, statutory and punitive damages based upon the

defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

("FCRA") and the New York Fair Credit Reporting Act, N. Y. Gen. Bus. Law ("GBL") § 380-a *et seq.* ("NYFCRA") as well as for injunctive relief pursuant to the NYFCRA.

2.      Those statutes require credit reporting agencies, such as the defendant, ***inter alia,*** to employ reasonable procedures to ensure "maximum possible accuracy" when preparing a consumer report

3.      The plaintiff has repeatedly disputed the accuracy, completeness, and verifiability of 6 separate entries to plaintiff's credit report reflecting derogatory information regarding student loan accounts. The defendant is reporting some or all of these inaccurately and well past the 5 year period provided for in the NYFCRA

3.      The plaintiff alleges that the defendant has violated the FCRA and the NYFCRA by refusing to provide him with the ACDV (Automated Consumer Dispute Verification) forms and or Universal Data Forms, the name of the person(s) that processed the dispute(s) and that Experian does not release these items without a subpoena

4.      The Plaintiff alleges that Experian failed to notify the furnishers of this information within 5 business days as required by the FCRA.

5.      Plaintiff alleges that Defendant willfully failed to conduct a reasonable investigation as required by the FCRA.

6.      Plaintiff alleges that the Defendant negligently failed to conduct a reasonable investigation as required by the NY FCRA.

7.      The plaintiff further alleges that the defendant violated the FCRA and the NYFCRA by willfully reporting inaccurate, unverifiable or misleading information and further alleges that the defendant violated the NY FCRA by reporting information that is prohibited from being reported by the NY FCRA.

8.      The plaintiff further alleges that the defendant violated the FCRA and the NYFCRA by negligently reporting inaccurate, unverifiable or misleading information and further alleges that the defendant violated the NY FCRA by reporting information that is prohibited from being reported by the NY FCRA.

9.      Plaintiff alleges that Experian failed to remove the negative accounts after the 7-year period required by the FCRA; Plaintiff further alleges that Experian also failed to remove or delete these entries as required by the NY FCRA.

10.     Plaintiff alleges that the Defendant willfully violated the NY FCRA by reporting 6 student loans as paid charge-offs or unpaid and delinquent despite the fact that the NY FCRA prohibits the defendant from reporting on paid accounts placed for collection or charged to profit and loss in contravention of NY GBL 380.

11.     Plaintiff's credit standing and credit score has suffered and continues to suffer due to Defendant's incomplete, inaccurate, unverifiable, illegal and or misleading reporting.

12.     Plaintiff has been denied credit and housing opportunities many times due to Experian's incomplete, inaccurate, unverifiable, illegal and or misleading reporting.

13.     Plaintiff's FICO scores are approximately 680 and 700 with Equifax and TransUnion respectively.

14.     The threat of harm from Experian's illegal and or otherwise inaccurate, misleading, incomplete or unverifiable reporting is both particularized and imminent and unless the defendant is enjoined and or restrained, the plaintiff is virtually certain to suffer harm.

15.   Despite the plaintiff's efforts, he has been unable to obtain credit at more favorable terms, and has been denied credit outright, as a direct and proximate result of the defendant's failure to remove the accounts in accordance with the FCRA and NYFCRA.

16.     As a result of the defendant's violations of the FCRA and the NYFCRA the plaintiff has suffered actual damage and he may recover such damage, as well statutory and punitive damages, based upon the legal and factual claims set forth herein.

## JURISDICTION AND VENUE

17.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§§ 1331 and 1337. The Court has supplemental jurisdiction over the plaintiff's state law

claims pursuant to 28 USC § 1367(a) and GBL § 380-n.

18.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b) as a location

where the defendant conducts business.

## PARTIES

19.   Plaintiff, Jason Wimberly is an adult individual residing in the City and State of

New York. Plaintiff, Jason Wimberly is a naturalized citizen of the United States of

America.

20.   Experian is a foreign corporation, whose headquarters in the United States are

located at 475 Anton Blvd. Costa Mesa, CA 92626. Experian is authorized and qualified

to do business in the State of New York. Experian maintains a business address at P.O.

Box 4500 Allen, TX.  Experian may be served by serving its registered agent CT

Corporation, 111 8th Avenue, 13th Floor, New York, NY 10011.

21.   On or about January 2nd 2017 at approximately 11:30 am Eastern Standard Time the

plaintiff contacted Experian's National Consumer Assistance Center and spoke with Kathleen.

Plaintiff requested copies of the UDF's and ACDV forms that Defendant uses inter alia to

transmit and dispute notices to furnishers.  Plaintiff was repeatedly told that Defendant would not disclose this information to the plaintiff without a subpoena in violation of 15 USC.

22.    On or about March 16, 2016  Plaintiff disputed US DEPT of ED GSL/ATL Account# 17489XX that defendant lists on Plaintiff's report as having an open date of Aug 1, 2002

23.    Plaintiff, again disputed the above-mentioned account on May 16,2017

24.    Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

25.    On or about March 16, 2016  Plaintiff disputed a 2nd entry virtually identical to the account listed in paragraph.  and what appears to be a duplicate entry; US DEPT of ED GSL/ATL Account# 17489XX that defendant lists on Plaintiff's report as having an open date of Aug 1, 2002

26.    Plaintiff, again disputed the above-mentioned account on May 16,2017

27.    Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

28.    On or about March 16, 2016  Plaintiff disputed US DEPT of ED GSL/ATL Account# 17489XX that defendant lists on Plaintiff's report as having an open date of January 1, 2002

29.   Plaintiff, again disputed the above-mentioned account on May 16,2017,

30.   Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

31.   On or about March 16, 2016  Plaintiff disputed US DEPT of ED GSL/ATL Account# 17489XX that defendant lists on Plaintiff's report as having an open date of September 1, 2001

32.   Plaintiff, again disputed the above-mentioned account on May 16,2017

33.   Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

34.   On or about March 16, 2016  Plaintiff disputed US DEPT of ED GSL/ATL Account# 17487XX that defendant lists on Plaintiff's report as having an open date of May 1, 2011

35.   Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

36.   On or about March 16, 2016  Plaintiff disputed US DEPT of ED GSL/ATL Account# 17457XX that defendant lists on Plaintiff's report as having an open date of May 1, 2011.

37.   Plaintiff, again disputed the above-mentioned account on May 16,2017.

38.   Plaintiff, again disputed the above-mentioned account on Aug 28, 2017.

39.     On or about January 2nd, 2017 Plaintiff asked Defendant for the telephone number for

the above-mentioned furnisher of the 6 tradelines in question and was told by Defendant that

they did not have a phone number for that furnisher.

40.     On or about _July 4, 2018_ Plaintiff was hospitalized due in part to his inability to find housing

which in part was a direct consequence of Experian's flawed reporting.

41.     Plaintiff has been denied credit from the following creditors due to Experian's flawed

reporting; _Including but not limited to..._

| | | |
|---|---|---|
| ONEMAIN | Sep 22, 2017 | 555 S COLUMBUS AVE STE 1 MOUNT VERNON, NY 10550 (914) 663-8705 |

| | | |
|---|---|---|
| RENTAL PROPERTY SOLUTIONS | Nov 10, 2016 | PO BOX 509124 SAN DIEGO, CA 92150 (800) 523-0233 |
| RENTAL PROPERTY SOLUTIONS | Sep 15, 2017 | PO BOX 509124 SAN DIEGO, CA 92150 (800) 523-0233 |

**FIRST CAUSE OF ACTION:** **Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of 15 USC § 1681e(b)**

42.    The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

43.    A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit
>
> basis, regularly engages in whole or in part in the practice of assembling or
>
> evaluating consumer credit information or other information on consumers
>
> for the purpose of furnishing consumer reports to third parties, and which
>
> uses any means or facility of interstate commerce for the purpose of
>
> preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

44.    Experian  is a "consumer reporting agency" as defined by Section 1681a(f) of the FCRA.

45.    Section 1681n of the FCRA imposes civil liability on any consumer reporting agency "who willfully fails to comply with any requirement" of the Act. See 15 U.S.C. § 1681n(a).

46.    Section 16810 of the FCRA provides for civil liability against any Credit Reporting Agency (CRA) that negligently fails to comply with any requirement imposed under the Act.

47.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to *assure maximum possible accuracy* of the information concerning the individual about whom the report relates." See 15 U.S.C. § 1681e(b) (emphasis added).

48.    On numerous occasions, Experian has prepared a "consumer report" concerning the plaintiff in response to a credit application initiated by him.

49.    The "consumer reports" prepared by Experian contained inaccurate, misleading, or other unverifiable information regarding several student loan accounts.

50.    Experian either knew or should have known that these "consumer reports" incomplete inaccurate and misleading, Experian readily sold these reports to one or more third parties and thereby misrepresenting the accuracy of their report.

51.    On each such instance, Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to the plaintiff, in violation of Section 1681e(b).

52.    Through the plaintiff's numerous communications with Experian, both by telephone and in writing, Experian knew, or had sufficient reason to know, that when it prepared and sold a

consumer report about the plaintiff, the information it circulated was incomplete, inaccurate, statutorily prohibited and damaging to the plaintiff.

53.    As a direct and proximate result of Experian' willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy," as specifically mandated by the FCRA, the plaintiff has suffered loss and damageincluding, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be determined by the trier of fact at trial plus statutory and punitive damages, and attorneys' fees together with the costs of this action pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

54.  The plaintiff remains unable to obtain credit from certain creditors that employ the defendant's credit reports because of the grossly incomplete, inaccurate, unverifiable and illegally reported credit information by Experian .

55.    The plaintiff's difficulties in securing new credit or more favorable terms on his current credit stems from the fact that his Experian credit report is incomplete, inaccurate and unverifiable.

**SECOND CAUSE OF ACTION: Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy in Violation of GBL § 380-j(e)**

56.    The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

57.   A "consumer reporting agency" is defined by the NYFCRA as follows:

> any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly
> engages in whole or in part in the practice of assembling or evaluating consumer credit
> information or other information on consumers for the purpose of furnishing consumer
> reports or investigative consumer reports to third parties.

See GBL § 380-a(e).

58.   Experian  is a "consumer reporting agency" as defined by GBL § 380-a(e).

59.   GBL § 380-1 provides Any person, firm, partnership, corporation, or association
whose knowing and willful violation of section three hundred eighty-s of this article resulted in the
transmission or provision to a consumer reporting agency of information that would otherwise
not have been transmitted or provided, and any consumer reporting agency or user of
information who or which willfully and knowingly fails to comply with any requirement imposed
under this article with respect to any consumer is liable to that consumer in an amount equal to
the sum of:..

    (a)  Any actual damages sustained by the consumer as a result of such failure or as a result
         of a violation of section three hundred eighty--s of this article;

    (b)  Such amount of punitive damages as the court may allow; and

(c)   In the case of any successful action to enforce any liability under this section, the costs of

the action together with reasonable attorney's fees as determined by the court."

60. GBL § 380-m provides,

Any consumer reporting agency or user of information who or which is negligent

in failing to comply with any requirement imposed under this article with respect

to any consumer is liable to that consumer in an amount equal to the sum of:

Any actual damages sustained by the consumer as a result of the failure...

61. GBL § 380-j(a) provides, in pertinent part,

a.   No consumer reporting agency shall report or maintain in the file on a consumer,

information: ...

b.   (3) which it has reason to know is inaccurate.

62. GBL § 380-0) provides, in pertinent part,

63. [w]henever a consumer reporting agency prepares a consumer report it shall

follow reasonable procedures to ***assure maximum possible accuracy*** of the

information concerning the individual about whom the report relates." (emphasis

added)

64. GBL § 380-k(a) provides,

c.   Every consumer or reporting agency shall maintain reasonable procedures designed to

avoid violations of sections three hundred eighty-b and three hundred eighty-j of this

article....

65. On numerous occasions, Experian prepared a "consumer report" concerning the plaintiff in response to a credit application initiated by him.

66. The "consumer reports" prepared by Experian contained inaccurate, unverifiable, and incomplete information.

67. Despite having express knowledge that such "consumer reports" were inaccurate and misleading, Experian readily sold them to third parties thereby misrepresenting the plaintiff's credit history and legitimate credit score.

68. On each such instance, Experian willfully and/or negligently reported information to third parties it knew, or reasonably should have known, was inaccurate, in violation of GBL § 380-j(a).

69. On each such instance, Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to the plaintiff, in violation of GBL § 380-j(e).

70.    On each such instance, Experian willfully and/or negligently failed to maintain reasonable procedures to avoid violation of GBL § 380-j, in violation of GBL § 380-k.

71.    Through plaintiff's numerous communications with Experian, both by telephone and in writing, Experian knew, or had sufficient reason to know, that when it prepared and sold a

consumer report about plaintiff, the information it circulated was incomplete, inaccurate, unverifiable and or illegal.

72.     As a direct and proximate result of Experian ' willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy," as specifically mandated by the NYFCRA, plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in an amount to be determined by the trier of fact at trial plus statutory and punitive damages and attorneys' fees together with the costs of this action pursuant to GBL § 380-I and/or 380-m.

**THIRD CAUSE OF ACTION**: **Failure to Disclose the Plaintiff's File to Him in Violation of 15 USG § 1681g**

73.     The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

74.         15 USC § 1681g, entitled "Disclosures to consumers," provides, in pertinent part:

>    (a) Information on file; sources; report recipients. Every consumer reporting agency
>        shall, upon request ...clearly and accurately disclose to the consumer:

>    (1) All information in the consumer's file at the time of the request...

75.   The plaintiff has repeatedly requested that the defendant provide his file to him so that he could endeavor to mitigate the harm caused by its repeated failure and refusal to supply his credit report to prospective creditors.

76.   Despite such requests, the defendant has failed and refused to disclose the plaintiff's file to him.

77.   As a direct and proximate result of Experian ' willful and/or negligent refusal to provide the plaintiffs file to him, as specifically mandated by the FCRA, plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be determined by the trier of fact at trial plus statutory and punitive damages, and attorneys' fees together with the costs of this action pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

**FOURTH CAUSE OF ACTION:** Failure to Disclose the Plaintiff's File to Him in Violation of GBL § 380-d

78.  The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein

79. GBL § 380-d, entitled "Disclosures to consumers," provides, in pertinen . part:&

> Every consumer reporting agency shall, upon request and proper
> identification of any consumer, clearly and accurately disclose to the consumer:
>
> (1) all information in its files at the time of the request concerning such consumer;
>     and
>
> (2) the sources of the information...

80.  The plaintiff has repeatedly requested that the defendant provide his the ACDV (Automated Consumer Dispute Verification Form) and UDF's (Universal Data Forms) to him so that he could endeavor to mitigate the harm caused by its repeated failure and refusal to supply an accurate and lawful credit report to his prospective creditors.

81.  Despite such requests, the defendant has illegally failed and otherwise refused to disclose the ACDV and UDF's to the plaintiff.

82.     As a direct and proximate result of Experian ' willful and/or negligent refusal to provide the plaintiff's file to him, as specifically mandated by the NYFCRA, the plaintiff has suffered loss and damage including, but not limited to, financial loss, expenditure of time and resources, mental anguish, humiliation, embarrassment and emotional distress, entitling him to an award of actual damages in amounts to be determined by the trier of fact at trial plus statutory and punitive damages, and attorneys' fees together with the costs of this action pursuant to GBL §§ 380- land/or 380-m.

## FIFTH CAUSE OF ACTION: Permanent Injunction

83.     The plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

84.     The defendant's continuing and ongoing failure to comply with GBL § 380-j and/or GBL § 380-d, will, unless restrained and enjoined, cause additional and further harm to the plaintiff.

85.     Accordingly, plaintiff is entitled to an injunction enjoining and restraining the defendant from failing to comply with its obligations under the NYFCRA.

**WHEREFORE,** the plaintiff prays this court for an ORDER permitting the Plaintiff to file affidavits and exhibits under seal; and for an ORDER enjoining defendant from reporting information that the trier of fact determines is inaccurate, incomplete, unverifiable or illegal within the meaning of the NYFCRA. For an Order Declaring that Automated Consumer Dispute Verification Forms (ACDV's) and Universal Data Forms (UDF's) are a part of the plaintiff's consumer's file within the meaning of the FCRA and/or The NYFCRA. that judgment be entered against Experian for the following:

Actual damages, in an amount to be determined by the trier of fact, as provided for in as provided for in 15 U.S.C.§§ 1681n and/or 16810(2) and/or GBL §§ 380-1(a) and/or 380-m(a);

Punitive damages as provided for in 15 U.S.C. § 1681n(2) and/or GBL § 380-1(b);

Statutory damages as provided for in 15 U.S.C. § 1681n(2);

Costs and attorneys' fees as provided for in 15 U.S.C. §§ 1681n(3) and/or 16810 (2), and/or GBL §§ 380-1(c) and/or 380-m(b); and

Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jason Wimberly
Pro Se Plaintiff.
1867 7ᵗʰ Ave Apt 5A
New York, NY 10026

## VERIFICATION

Jason Wimberly being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaints and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and believe and as to those matters I believe them to be true

_____
Jason Wimberly

State of New York
County of New York

Sworn to before me this 3rd
day of ~~June,~~ July 2018.

_____
Notary Public
PAULA ORTEGA
Notary Public, State of New York
Reg. No. 03OR6355762
Qualified in New York County
Commission Expires March 13, 2021