USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

                    Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS,

                    Defendant.

1:18-cv-06058-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On February 1, 2021, the Court issued an opinion and order denying Plaintiff, who is *pro se*, leave to file a second amended complaint. [ECF No. 91.] Plaintiff filed a notice of appeal two days later. [ECF No. 92.] On March 22, 2021, Plaintiff notified the Court that he intends to move for *in forma pauperis* ("IFP") status for purposes of his appeal. Plaintiff filed under seal a motion for leave to seal his affidavit in connection with his application for IFP status. The Court DENIES Plaintiff's motion.

Under both the common law and the First Amendment, a strong presumption of public access attaches to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Documents submitted to the Court to influence its decision on a motion or application are judicial documents to which the presumption of public access attaches. *See id.* at 121; *Julian v. Metro. Life Ins. Co.*, No. 17-CV-957 (AJN) (BCM), 2020 WL 5913739, at *3 (S.D.N.Y. Oct. 6, 2020) (collecting cases); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378 (PKC), 2020 WL 2190708, at *2 (S.D.N.Y. May 5, 2020).

Generally, judicial documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 113 (2d Cir.

1987)). The Second Circuit has explained that generally "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

With respect to IFP applications, general concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access. For example, in *Komatsu v. City of New York*, 1:20-CV-6510 (LLS), 2020 WL 8641272, at *1 (S.D.N.Y. Sept. 2, 2020), the court denied a motion to seal an IFP application, finding that "the contents of Plaintiff's IFP applications, including Plaintiff's references to his receipt of public benefits, employment history and current unemployment, and his state and federal litigation history, are not sufficiently extraordinary to outweigh the presumption in favor of public access." In *Sardarian v. Federal Emergency Management Agency*, No. 3:19-cv-910 (CSH), 2019 WL 8331444, at *3–4 (D. Conn. Sept. 16, 2019), the court, in connection with an application for appointment of counsel, denied a motion to seal "information [that] bore on the issue of whether Plaintiff was indigent [and] lacking sufficient funds to obtain his own counsel." In explaining that the plaintiff's discomfort knowing that his finances would be publicly disclosed was insufficient to overcome the presumption of public access, the court persuasively noted:

> If personal financial information were held *per se* grounds for sealing, all prisoner affidavits submitted with requests for *in forma pauperis* status under 28 U.S.C. § 1915 would automatically be sealed. Such is not the case. Financial affidavits, like other judicial documents, are presumptively open to public access and sealed only upon demonstration of compelling grounds.

Id. at *3 n.3.

Here, Plaintiff provides no specific justification to seal his supporting affidavit other than that it "contains detailed financial information and therefore should not be made public." This does not overcome the presumption of public access. *See Komatsu*, 2020 WL 8641272, at *1; *see*

*also Lugosch*, 435 F.3d at 120 (noting that sealing requires more than "[b]road and general findings" (quoting *N.Y. Times*, 828 F.2d at 113)). Accordingly, Plaintiff's motion to file his affidavit in support of his IFP application under seal is DENIED.

IT IS HEREBY ORDERED that on or before March 31, 2021, Plaintiff shall file his IFP application, including his supporting affidavit, on the public docket in order for the Court to rule on his application.

**SO ORDERED.**

**Date: March 24, 2021**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**